THE INSTITUTION FOR SAVINGS IN THE TOWN OF CAMBRIDGE *vs.* JOSHUA E. LITTLEFIELD.

A payment of interest by the maker, on a promissory note from which he has been discharged in bankruptcy, will not revive his liability to pay the note.

Where one, who had agreed to make a loan of money on a mortgage of real estate by the borrower, received instead thereof, at the request of the latter, as security for the loan, the note, guaranteed by him, and mortgage, of a third person, who, being present at the transaction, did not disclose the fact, that he had been discharged from the note in bankruptcy; it was held, that the promisor was not estopped by such concealment, to set up his discharge in bankruptcy in defence to an action on the note.

THIS action was brought by the plaintiffs, as the indorsees, against the defendant, as the maker, of a promissory note for $1000, dated September 20th, 1839, and payable to James Greenwood or order, in two years from date, with interest semi-annually.

The defendant relied, in defence, on a discharge in bankruptcy, under the bankrupt act of the United States, by a certificate dated the 28th of February, 1843.

To entitle themselves to recover, notwithstanding the discharge, the plaintiffs relied on the facts stated in evidence by John B. Dana, their treasurer, who testified as follows:—
That some time before the note in suit was transferred to the plaintiffs, one Sylvanus Wood, of Woburn, applied to him, as the plaintiffs' treasurer, for a loan of $500 on mortgage, and gave him a description of an estate in Woburn, which he pro-

posed as security for the loan, but nothing was then said of the defendant or of the note in suit; that, afterwards, on the 18th of August, 1844, when Wood came for the money, he offered as security the note in suit, indorsed by Greenwood without recourse, and secured by a mortgage of even date, made by the defendant to Greenwood, and assigned by him to the plaintiffs; that he objected to receiving the note and mortgage, on the ground, that they were not the security which he expected, whereupon Wood guaranteed the note, and the note and mortgage were then accepted, and the money lent to Wood; that the defendant was present at this time, but the witness did not know of his discharge in bankruptcy; that when the two next semiannual payments of interest became due, namely, in January and July, 1845, they were regularly paid, one by Wood and the other by the defendant, but which was first the witness could not state; that no further payments of interest were made until January, 1847, when the defendant came and paid up all the then interest due, and apologized for not paying it sooner, by saying that he supposed it had been paid by Wood; that Wood came to the plaintiffs' place of business, some time before the defendant made the last payment, and requested the witness to get the interest of the defendant, if he could, and to make a minute of what he said about it; that the defendant said, it was not his debt to pay, but the witness could not tell whether he said this, when he came to pay the interest in January, 1847, or not, or whether he said it at a time when he came to pay interest, though he was inclined to think it was said by the defendant when he came to pay interest in January, 1847.

The defendant by his deed dated November 28th, 1840, released to Wood all his interest in the estate mortgaged to Greenwood.

The case was submitted to the court upon the foregoing and other evidence not material to be stated, to draw such inferences and conclusions therefrom, as the same would warrant, and to order a nonsuit or default to be entered, as the court might think proper.

*J. G. Abbott* and *J. P. Converse*, for the plaintiffs, to the

point that the payment of the interest revived the debt, cited *Alsop* v. *Brown*, 1 Doug. 192; *Barnard* v. *Bartholomew*, 22 Pick. 291; and to the point that the defendant, by standing by and seeing the plaintiffs lend money on his note, was estopped as against them to deny his liability thereon,— *Tylee* v. *Yates*, 3 Barb. 222; *Middletown Bank* v. *Jerome*, 18 Conn. 443; *Roe* v. *Jerome*, 18 Conn. 138; *Copeland* v. *Copeland*, 15 Shep. 525; *Rangeley* v. *Spring*, 8 Shep. 130, 137; 1 Greenl. Ev. §§ 27, 207; *Platt* v. *Squire*, 12 Met. 494; 3 Dane Ab. 359; *Pickard* v. *Sears*, 6 Ad. & El. 469, 474; *Heane* v. *Rogers*, 9 B. & C. 577, 586; *Watson* v. *McLaren*, 19 Wend. 557; 1 Story Eq. J., §§ 384, 385; *Dezell* v. *Odell*, 3 Hill, 215; *Commonwealth* v. *Moltz*, 10 Barr, 527; *Kinney* v. *Farnsworth*, 17 Conn. 355; *Brown* v. *Wheeler*, 17 Conn. 345; *Polhill* v. *Walter*, 3 B. & Ad. 114; *Lobdell* v. *Baker*, 3 Met. 469; *Robinson* v. *Mansfield*, 13 Pick. 139; *Penobscot Boom Co.* v. *Wilkins*, 14 Shep. 345; *Davis* v. *Tingle*, 8 B. Monroe, 539; *Brothers* v. *Porter*, 6 B. Monroe, 106.

*E. Buttrick*, for the defendant.

DEWEY, J.    To the defence of a discharge under the bankrupt law, the plaintiff replies 1st. That the defendant has made a subsequent promise to pay the debt.    As to this, the only evidence of any new promise is that arising from the payments, by the defendant, on the note, of interest that had accrued since the discharge.    Such payment was said by lord Mansfield, in the case of *Alsop* v. *Brown*, 1 Doug. 192, to revive the contract.    No other authority is relied upon by the plaintiff to sustain this position.    In principle, it has been directly overruled in the case of *Merriam* v. *Bayley*, 1 Cush. 77, where it was held, that payment of part of the principal of a debt was not a revival of the debt thus discharged.

A distinction was attempted to be established between the case of paying a part of the principal, and that of paying interest on the entire sum; and it was contended, that such payment of interest was a recognition of the indebtedness as to the entire debt.    But this is not so.    The maker of the note might be willing to pay all the past interest thereon, or a sum equivalent to such interest, and yet be indisposed to assume

the obligation to pay the principal. As a mere acknowledgment of an unpaid debt, it goes for nothing; inasmuch as there must be a direct and unequivocal promise to pay, to revive the liability. It does not in our view require a new consideration, as seems to be assumed in *Walbridge* v. *Harroon*, 18 Verm. 448; the fact, that a legal consideration has once existed, and has been discharged only by proceedings under the bankrupt act, is a sufficient consideration for an express promise. Different principles apply to cases of defences of the statute of limitations and of a discharge under the bankrupt act. In the former, a new promise may be implied; in the latter, it must be express, clear, and unequivocal. But the mere payment of interest falls far short of this, and cannot therefore have the effect to revive the debt.

This view of the evidence relied upon to support the new promise, and give it the effect of a revival of the debt, renders it unnecessary to consider the further question, whether such revival, if shown, would operate to revive the old promise in its negotiable character, so as to enable an indorsee to maintain an action thereon in his own name.*

2d. It is contended, that the conduct of the defendant, in permitting the plaintiff to lend the money to Wood upon this note, without disclosing to the plaintiff the invalidity of the note by reason of the discharge in bankruptcy, should operate as an *estoppel in pais*, which should forever after prevent the defendant from setting up his discharge against the plaintiffs, when seeking to enforce the payment of this note. The principle relied upon is correctly stated, and in proper cases is to be applied, in furtherance of justice, and to protect those who otherwise might be defrauded by the concealment or silence of others, at a time when they ought to have asserted their rights.

But the doctrine of estoppel has been introduced into our system of jurisprudence, for the purpose of protecting the party from a loss, arising from fraud or gross negligence of another in concealing his rights; and it becomes necessary in

---

* See the case of *Way* v. *Sperry*, post, 238.

each case to examine carefully the facts, and to see whether they present a proper case for the application of this principle. Now, it is an essential element in such estoppel, that one party has been induced by the conduct of the other party, to do or forbear doing something, which he would not or would, as the case may be, have done, but for such conduct of the other party.

What was the transaction between these parties? The application for a loan was by Wood. It was, so far as we can perceive, a loan to be made on Wood's responsibility, accompanied by a mortgage of certain land to secure the payment. The party lending the money did not originally stipulate for Littlefield's personal liability. When Littlefield's note was offered as the basis of the mortgage, some objection was made to it, and thereupon Wood's guaranty was given, and the mortgage transferred to the plaintiffs and accepted by them. The plaintiffs thus received Wood's security and a valid mortgage of real estate, all equally valid whether Littlefield's personal liability had, or had not, been released by his discharge in bankruptcy.

If it be said, that the guaranty of Wood was not as good security as his promissory note, that objection equally exists whether the note of the defendant was valid or invalid as against the plaintiffs. The silence of the defendant, at the time of the making the loan to Wood, did not change that part of the arrangement; and the guaranty of Wood is equally binding on him, whether the defendant is, or is not, liable.

Had the plaintiffs received the note from the defendant, as their sole security, or as that upon which they substantially relied, and parted with their money upon the strength of it as security, the silence of the defendant, as to his discharge from all liability for the payment of it, might have been strongly urged against him, upon his setting up such discharge as a bar.

But, independently of a personal liability of the defendant, the plaintiffs received a valid and valuable security for their money. The note was a good instrument for the foundation of a mortgage, and equally so, whether the personal liabilit

of the defendant to pay the note existed or not. So, too, the guaranty of Wood was a legal and valid contract, irrespective of the personal discharge of the defendant by his discharge in bankruptcy.

This case is not, therefore, the bald case of a party standing by and silently permitting a chose in action, to which he is a party, to be taken as a valid debt, and money lent thereupon ; he knowing at the same time, that there is a secret taint as to the same, that renders it wholly worthless, and leaves the party taking it without any security for the repayment of the loan. On the contrary, the defendant might reasonably suppose, that the plaintiffs relied principally upon the mortgage and the guaranty of Wood as their security for the money lent ; and it has not been shown or suggested, that the land mortgaged and the guaranty of Wood are not ample security for the loan.

Upon a full consideration of the evidence relied upon by the plaintiffs to establish the estoppel, the court are of opinion, that it is insufficient to avoid the discharge under the bankrupt law. The result is, therefore, that this discharge must avail the defendant. *Plaintiffs nonsuit.*

