## PALMER v. HUSSEY.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

Submitted November 1, 1886. — Decided November 15, 1886.

The decision of the highest court of a State upon a motion, accompanied by affidavits as proof, to perpetually enjoin the collection of a judgment obtained in a court of the State on the ground of the discharge of the defendant in bankruptcy, raises a Federal question which may be reviewed by this court.

*Hennequin* v. *Clews*, 111 U. S. 676, affirmed and followed, in holding, on similar facts in this case, that there was no such fraud in the creation of the debt, and no such trust in respect to the possession of the bonds, as to bar the operation of the discharge in bankruptcy.

This was a motion to dismiss, united with a motion to affirm. The facts which make the case are stated in the opinion of the court.

*Mr. S. W. Bower* for the motions.

*Mr. A. M. Skeir* opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This record shows that on the 18th of April, 1874, Acalus L. Palmer recovered a judgment in the Supreme Court of New York against Erwin A. Hussey for $32,128.57 on account of certain bonds of the United States which had been placed in his hands by Palmer, and for which he bound himself by a writing, the material part of which is as follows:

"These bonds we hold subject to the order of A. L. Palmer, at ten days' notice, agreeing to collect the coupons for his account free of charge, and to allow him two per cent. per annum interest on the par value of said bonds, said interest to commence and count June 1st, 1866; interest on the 7-30 bonds payable June and December 15th; on 5-20, May and November 1st.                    "E. A. HUSSEY & Co."

In the complaint it was alleged that the bonds "were received by the defendant from the plaintiff as his agent and broker, in a fiduciary capacity, upon the arrangement and agreement as contained" in the foregoing paper; "that the said defendant without the authority or permission of the plaintiff, has fraudulently and wilfully sold, disposed of, and misapplied the said bonds, and has refused to deliver up the same to the said plaintiff, who has frequently demanded the same from him, and given the notice so to do as required by the agreement." This was denied in the answer. The suit was begun September 7, 1868.

On the 20th of January, 1868, Hussey filed his petition in bankruptcy, and was duly adjudicated a bankrupt January 24th. On the 17th of May, 1880, he received his final discharge. The record does not show when his application for a discharge was made to the bankrupt court. On the 12th of June, 1880, he moved the Supreme Court to perpetually enjoin the collection of the judgment in favor of Palmer because of his discharge. In his affidavit in support of this motion, and which presents the grounds of the relief asked, it is stated:

"That, among other grounds of objection to my discharge in bankruptcy made by the plaintiff, it was charged that I have been guilty of improper and undue delay in said proceedings. That that question was presented to the court and fully explained, and the court decided that I was not guilty of laches, and was entitled to my discharge."

In opposition to the motion the counsel of Palmer filed a counter-affidavit setting forth the grounds of defence, and, among others, that the judgment was an adjudication that "the bonds were received in a fiduciary capacity," and were "fraudulently and wilfully sold, disposed of, and misapplied by Hussey."

The Supreme Court, both at special and general term, denied the motion on the ground that the judgment on its face showed that the debt was created by fraud, and while Hussey was acting in such a fiduciary capacity as to prevent the discharge in bankruptcy from operating as a release. This

order was reversed by the Court of Appeals and the execution of the judgment perpetually enjoined, because the fraud and trust established by the findings were not of a character to bar the effect of the discharge. To reverse that judgment this writ of error was brought, which Hussey now moves to dismiss because no Federal question was raised or decided, and with this motion he has united a motion to affirm under rule 6, §. 5.

The motion to dismiss is denied. Palmer, in his affidavit, which in this case takes the place of technical pleading, specially set up and claimed an immunity under § 5117 of the Revised Statutes from the operation of the discharge in bankruptcy, because of the fraudulent and fiduciary character of his debt, and the decision was against him. This gives us jurisdiction, since the exemption depends on the construction and effect of § 5117, which provides that "no debt created by the fraud . . . of the bankrupt, or . . . while acting in any fiduciary character, shall be discharged by proceedings in bankruptcy." As the affidavit of Hussey set forth the date of the adjudication in bankruptcy and the date of discharge, the question of delay in making an application, and the construction and effect of § 5108, may also, perhaps, have been raised on the record. The opinion of the Court of Appeals shows that both of these questions were actually presented to and decided by that court. 87 N. Y. 303.

Upon the facts set forth in the affidavit of Hussey, which are not denied in the counter-affidavit of the attorney of Palmer, and upon the facts as they appear in the record of the judgment to be enjoined, it is clear that, under the ruling of this court in *Hennequin* v. *Clews*, 111 U. S. 676, there was no such fraud in the creation of the debt, and no such trust in respect to the possession of the bonds by Hussey, as to bar the operation of the discharge.

By § 5119 of the Revised Statutes, the certificate of discharge is made conclusive evidence, in favor of the bankrupt, "of the fact and regularity of such discharge." We must presume, therefore, that the application was made within the time required by § 5108, or, if not, that any delay there may have

been was satisfactorily explained before the discharge was granted. The certificate is conclusive on this question.

As these are the only Federal questions presented, and one has been already settled by our decision in *Hennequin* v. *Clews*, and the other needs no further argument, the motion to affirm is granted.

*Affirmed.*