·JAMES NEEDHAM, *Appellee*, V. ANGELL MATTHEWSON, *Appellant*.

No. 16,206.

SYLLABUS BY THE COURT.

1. BANKRUPTCY — *Discharge* — *Preëxisting Debt Extinguished.* The effect of a discharge in bankruptcy is to extinguish a preexisting debt and not merely to bar the remedy thereof.

2. ——— *New Promise to Pay* — *Consideration* — *Promise Not Implied—Part Payment.* The moral obligation to pay the former indebtedness is a sufficient consideration for a new promise, but in order to revive a liability upon a claim discharged in bankruptcy there must be an express promise to pay the specific debt. A promise can not be implied from the fact of part payment or other circumstances.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed December 11, 1909. Reversed.

STATEMENT.

ON the 9th day of October, 1897, James Needham recovered a judgment against Angell Matthewson for $1402. After its rendition Matthewson filed in the United States district court for the district of Kansas his petition in voluntary bankruptcy, and on the 30th day of August, 1899, was discharged from all debts and

claims provable against him. No execution was ever issued on the judgment, and it became dormant in 1903. On December 30, 1907, Needham brought this action against Matthewson to recover the amount of the judgment and interest, alleging that certain payments had been made by the defendant on the judgment during 1906 and 1907, and that at the time of the payments the defendant had promised and agreed to pay the balance of the judgment and had failed to do so.

The answer, in addition to a general denial, set up the discharge in bankruptcy and alleged that the plaintiff was notified of the proceedings therein and failed to file with the referee his judgment claim.

There was little controversy in the testimony. In substance, it is that in 1906 the plaintiff returned to Parsons after an absence of several years and found that the defendant's bank, in which the plaintiff's money had been deposited, had failed; that his claim had been reduced to judgment, and that he was without recourse. In company with a friend he called upon the defendant and stated to him that he was in needy circumstances, and unless he could have assistance he would be obliged to go to the poorhouse. The defendant said to him, "I will do as much as any of your friends to keep you out of the poorhouse," gave him $10, and said to him, "When you need more let me know." The defendant afterward paid to the plaintiff other sums, amounting in the aggregate to $52.

This is substantially the testimony of the plaintiff himself and as the court found the facts. After finding the facts with respect to the payments the court made separate conclusions of law, among which was the following:

"The payments hereinbefore found were, and must be, regarded as clear acknowledgment of the indebtedness referred to by said judgment, and from such acknowledgment the law implies the promise to pay the balance of such indebtedness."

As a further conclusion of law the court held that the

plaintiff was entitled to recover the full amount of the judgment, with interest and costs, less the amount of the several payments. The defendant brings error.

*Kimball & Osgood,* for the appellant.

*W. B. Glasse,* and *E. L. Burton,* for the appellee.

The opinion of the court was delivered by

PORTER, J.: We have only to determine whether the conclusions of law are correct. It is apparent that the trial court proceeded upon the erroneous theory that the payments constituted an acknowledgment of the debt from which a promise to pay the balance of the debt was implied, and that such implied promise was sufficient to support an action to recover. The court treated the defense as though it were a plea of the statute of limitations. The defendant, however, relied upon the fact that the judgment was extinguished by his discharge in bankruptcy, and the law is thoroughly well established that in order to revive a debt after such discharge there must be an express promise. There remains the moral obligation of the old debt, which is sufficient consideration to support an express promise to pay; but a promise to pay a debt from which the debtor has been discharged by proceedings in bankruptcy can not be raised by implication. The payments in this case would have been sufficient to avoid the statute of limitations, if such had been the defense and the court had found that they recognized the present existence of the debt, because the statute so provides; but such payments in a case where the debt has been extinguished and the debtor released and discharged from all liability are never permitted to operate as a new promise. (*Merriam v. Bayley,* 55 Mass. 77; *Lawrence et al. v. Harrington,* 122 N. Y. 408; *Jacobs v. Carpenter,* 161 Mass. 16; *Heim v. Chapman,* 171 Mass. 347; *Stark v. Stinson,* 23 N. H. 259; *Cambridge Institution for Savings v. Littlefield,* 60 Mass. 210; 5 Cyc. 410; 6 Cent. Dig., "Bankruptcy," § 854.)

Needham v. Matthewson.

It has been held that even the expression of an intention to pay the debt is not sufficient. (*Allen & Co. v. Ferguson,* 85 U. S. 1.) In that case it was sought to show a promise to pay from certain expressions in a letter written by the debtor, which were as follow:

" 'Be satisfied; all will be right. I intend to pay all my just debts, if money can be made out of hired labor. Security debt I can not pay.' . . . 'All will be right betwixt me and my just creditors.' " (Page 2.)

In the opinion it was said:

"Nothing is sufficient to revive a discharged debt unless the jury are authorized by it to say that there is the expression by the debtor of a clear intention to bind himself to the payment of the debt. Thus, partial payments do not operate as a new promise to pay the residue of the debt. The payment of interest will not revive the liability to pay the principal, nor is the expression of an intention to pay the debt sufficient." (Page 3.)

To the same effect are: *Meech v. Lamon,* 103 Ind. 515; *Ferguson v. Harris,* 39 S. C. 323; *Bolton v. King,* 105 Pa. St. 78; *Edwards v. Nelson,* 51 Mich. 121; Bishop, Cont., enlar. ed., § 96.

The statute of limitations, being a statute of repose, does not discharge the debt, but only bars the remedy. An implied promise to pay revives the debt, so far as the statute is concerned, as effectually as an express promise. But the decree of the bankrupt court discharges and extinguishes the debt, and in order to support a legal obligation to pay the old indebtedness there must be an express promise.

Although the moral obligation to pay the discharged debt is a sufficient consideration for a promise to pay, the cause of action rests on a new promise, and not upon the old debt. This furnishes the distinction between a cause of this kind and one where the defense is the statute of limitations. The new promise to pay a debt which has been discharged in bankruptcy must be a clear, distinct and unequivocal promise to pay the spe-

cific debt, without qualification or condition, and can not be implied from the fact of part payment or from other circumstances.

. It follows that the cause must be reversed and judgment ordered for the defendant.