No. 26,809.

Susan A. Crane Hart, *Appellee,* v. W. L. Gooding et al., *Appellants.*

SYLLABUS BY THE COURT.

1. BANKRUPTCY—*New Promise to Pay Barred Debt—Sufficiency of Evidence.* Upon a claim that a defendant had made a new promise to pay a debt which had been barred by a discharge in bankruptcy the evidence is examined and held to be sufficient to sustain a finding that a binding promise had been made.

2. SAME—*New Promise to Pay Barred Debt—Instructions.* An instruction that to be effective the new promise must be express excludes the idea that the promise may be implied.

3. SAME. The instructions given relating to the revival of the discharged debt by a new promise, examined and held to be without material error.

Appeal from Stafford district court; Ray H. Beals, judge. Opinion filed December 11, 1926. Affirmed.

*Z. Wetmore, Fred Hinkle* and *George M. Ashford,* all of Wichita, for the appellants.

*Robert Garvin* and *Evart Garvin,* both of St. John, for the appellee.

Bankruptcy, 7 C. J. pp. 412 n. 26, 416 n. 76; 53 L. R. A. 324; 3 R. C. L. 324.

The opinion of the court was delivered by

JOHNSTON, C. J.:   This was an action by Susan A. Crane Hart against Walter L. Gooding and his wife, Myrtle, on a promissory note in which the plaintiff prevailed.   Defendant appeals.

The note was for the amount of $332, payable with interest at ten per cent on August 1, 1923.   A number of payments had been made, leaving a balance due of $242.21.   The execution of the note was admitted, but it was alleged that on March 10, 1923, bankruptcy proceedings against defendant were instituted, and in the schedule that was filed the note in question was included.   There was an adjudication of the bankruptcy proceedings, and on December 19, 1923, the defendant was discharged from that and other debts. Plaintiff replied, admitting the adjudication of bankruptcy and the discharge of the indebtedness as claimed by defendant, but she stated that since the discharge the defendant had expressly promised and agreed with the plaintiff that upon consideration of the promise of plaintiff's permitting the defendant to remain on her farm in Stafford county until July, 1924, he would pay the balance due on the note, including the interest, notwithstanding the bankruptcy proceedings; and in consideration of this promise it was agreed that the defendant should occupy the premises and did occupy them under the agreement made between the parties.   It was further alleged that on the day when this new promise was made the defendant made a further payment on the note of $89.79 and a further sum of $26.18 on the interest due on the note.   Upon the testimony produced the jury returned a general verdict in favor of plaintiff and made a special finding to the effect that the alleged new promise had been made. The defendant contends that the evidence offered to sustain the new promise was not sufficiently specific and complete to justify a recovery by plaintiff.   There was testimony to the effect that subsequent to the proceeding in bankruptcy a promise to pay the note to plaintiff was made.   The consideration or indorsement for the promise was that defendant should be allowed to remain another year on plaintiff's land.   It appears that on the faith of this promise he was permitted to continue in the possession of the farm the specified time.   In the negotiations a reference was made to the note upon which an indorsement of payment had been made of $89. There was no doubt as to the identity of the note, and apparently it

was the only one which plaintiff held against defendant. It is argued that the promise was conditional in that he only promised to pay it out of threshing that he should do, and the contention is it was not shown that he was ever able to pay in that or any other way. It is disclosed that he ran a threshing machine during the threshing season and the reference to the threshing related more to the time of payment, but was mentioned as the means by which he expected to derive the money to fulfill the new promise he had expressly made. It did not operate to qualify the promise nor make it conditional on the successful operation of his threshing machine. Manifestly the desire for the continued possession of plaintiff's land was the controlling motive for making the new promise, and it constituted an added consideration for the promise. However, the moral obligation of a debtor to pay a debt extinguished through a bankruptcy proceeding, is of itself a sufficient consideration for the new promise. It has been determined that the promise need not be in writing nor phrased in any set form of words. It is enough that there is an express and unequivocal promise to pay a specific obligation. (*Robinson v. Jacobia,* 115 Kan. 36, 221 Pac. 1113, and cases there cited.) No error was committed in denying the motion of defendant for an instructed verdict in his favor.

There is complaint that requested instructions were not given, and also of some that were given. One of those requested was to the effect that to revive the debt,

"There must be an expressed promise, that is, a clear, distinct and unequivocal promise to pay the specific debt without qualification or condition, and such promise cannot be implied from the fact of part payment or from other circumstances."

The character of the new promise to be effective was well covered by an instruction given. The court charged that if the defendant after the adjudication in bankruptcy expressly promised to pay the discharged debt, the plaintiff could recover, and then added:

"To constitute a new promise there must be a clear, distinct and unequivocal recognition and renewal of the debt as a binding obligation."

While the court did not expressly say that the promise could not be implied from circumstances, that was fairly covered in the statement that the promise must be express. In another instruction the court repeated the requirement that the new promise must be an express one and that no form of words need be used to constitute it, and stated in that connection:

"Any words . . . which signify a present willingness to pay the debt and which are intended to convey the idea to the hearer are sufficient. The natural import of the words must be a contract to discharge by payment the moral obligation that remains out of the debt discharged by a certificate of bankruptcy."

Exception is taken to the use of the expression "which signify a present willingness to pay," but it will be observed that these words are used in connection with the statement that the natural import of the words must be a contract to pay the debt. A like expression is found in the opinion in *Bennett v. Everett,* 3 R. I. 152, which was cited with approval in *Robinson v. Jacobia,* supra.

Some complaint is made as to the allowance of an amendment to a pleading and also to some other matters of procedure, but an examination of the objections discloses that they are not material.

The judgment is affirmed.