### DILWORTH v. MOORE.
### No. 11317.

Court of Civil Appeals of Texas.
San Antonio.

June 30, 1943.

Rehearing Denied July 28, 1943.

Miller & Miller, of Gonzales, and DeWitt Murray, of Floresville, for appellant.

J. W. Ragsdale, of Victoria, and O. F. Burney, of Floresville, for appellee.

NORVELL, Justice.

The principal question involved in this appeal is whether a creditor's action involving a bankrupt's agreement to pay a debt, dischargeable in bankruptcy, must be based upon the old debt or upon the new promise.

The parties hereto have not cited, nor have we found, a Texas case which is controlling upon the point raised. There is a conflict of authority among the American decisions. Cases relating to the question are collated in 8 C.J.S., Bankruptcy, p. 1577, § 583, subsec. d, and 6 Am.Jur. 834, § 535, and therefore we need not discuss at length the various arguments advanced in support of the conflicting conceptions of the effect of the new promise to pay.

We hold that in Texas, the new promise to pay is the basis of the action. Our holding is based upon the similarity presented by a debt barred by the discharge in bankruptcy and one barred by limitation.

In Cotulla v. Urbahn, 104 Tex. 208, 135 S.W. 1159, 1162, 34 L.R.A.,N.S., 345, Ann. Cas.1914B, 217, a limitation case, it was said that: "It has been held from a very early day in this state, and such is practically the universal rule, that the action in such case is upon the new promise, and that the original indebtedness serves only to furnish a consideration for such promise or an indebtedness to which it may relate and

attach." See, also, Coles v. Kelsey, 2 Tex. 541, 543, 47 Am.Dec. 661.

The similarity between the holding above stated, and the reasoning of Grace, J., in Holden v. Chamberlin, 46 N.D. 353, 179 N.W. 706, 709, is apparent from the following quotation:

"The writer, speaking for himself, is of the opinion that a debt or obligation discharged in bankruptcy, while not paid, is wholly extinguished, so far as any future legal liability upon it is concerned; that the debt or obligation no longer exists; that there remains only, after such discharge, the moral obligation to pay the debt; that this moral obligation may, and is, a sufficient consideration for a new contract to pay the debt discharged; that in making such new contract, based upon such moral obligation, the minds of the parties must meet upon all the terms in the same manner and to the same effect as upon any other contract; that is, if a debt for a given amount is discharged in bankruptcy, and the debtor makes a definite promise, after the adjudication, to pay the amount of the debt discharged, stating in such promise certain amounts of the debt to be paid at different times, or promising to pay it all at a certain time, that before a new contract is actually made, which is binding upon both parties, such terms contained in the promise must be accepted by the creditor, and this constitutes a new contract for the amount of the debt—in other words, a new debt—the moral obligation to pay the debt discharged being a sufficient consideration for the new contract. 7 C.J. 412–413. And, in addition to this, if there are conditions attached to the offer, they must be pleaded and a compliance with them established by competent proof."

In American Jurisprudence it is stated that the better opinion appears to be that the cause of action "rests on the new promise, not upon the old debt." 6 Am.Jur. 834. We agree with this view. As stated by the Supreme Court of Missouri, in Crandall v. Durham, Mo. Sup., 152 S.W.2d 1044, 1045, "If plaintiff declares on the promise after bankruptcy, the discharge in bankruptcy scarcely remains a controverted issue, the issue being: new promise or no new promise."

From the holding above stated it follows that the trial court erred in overruling appellant's motion for a peremptory instruction. In order to demonstrate this, it is necessary to discuss the record in some detail, and dispose of a few subsidiary points of law.

Appellee, Moore, by a petition filed January 17, 1938, declared upon a promissory note executed by appellant, Dilworth, dated January 18, 1931, for the sum of $22,500 and due three years after date.

After Dilworth had pleaded a discharge in bankruptcy, Moore filed an amended petition in which the allegations of his original petition were reiterated and it was also alleged that: " * * * before filing said petition in bankruptcy and after filing same, this defendant advised with this plaintiff as to his financial status, and, after filing same, importuned plaintiff not to file said note as a claim against his bankrupt estate, saying that if such claim should be filed it would seriously complicate matters in said court in that he had filed his schedule of debts and had not listed said indebtedness owing to plaintiff. The defendant then promised this plaintiff that he would pay this note to him after he had received his discharge in bankruptcy, provided plaintiff did not file his claim on said note in bankruptcy. This plaintiff, relying on said promise of defendant, agreed not to file his claim and did not file his claim and note here sued on in said bankruptcy proceeding, nor was it listed by defendant as a claim against his estate.

"That after defendant had received his discharge in bankruptcy, this plaintiff often in the years of 1935, 1936 and 1937 requested the defendant to pay said note and the defendant promised this plaintiff each time that demand was made for payment that he would pay to plaintiff said note, * * *."

Dilworth replied to the amended petition by again pleading his release in bankruptcy and setting up the two-year statute of limitations. Article 5526, Vernon's Ann.Civ. Stats.

Moore's testimony supported the allegation that Dilworth, shortly after the filing of the petition in bankruptcy, had orally agreed to pay the debt after he had received his discharge in bankruptcy. The evidence, however, was insufficient to establish a definite promise to pay made during the years 1935, 1936 or 1937. Robinson v. Jacobia, 115 Kan. 36, 221 P. 1113; Holden v. Chamberlin, 46 N.D. 353, 179 N.W. 706.

 The pleadings show that Moore had actual knowledge of the bankruptcy pro-

ceedings. Dilworth received his discharge in bankruptcy on April 13, 1934. This discharge extinguished Dilworth's liability upon the original note. 11 U.S.C.A. § 35.

The new promise to pay rested in parol. Harrison Bldg. Co. v. B. F. Dittmar Co., Tex.Civ.App., 4 S.W.2d 1038, 1040. The time of performance as pleaded related to the date of the discharge, April 13, 1934. The cause of action upon the new promise therefore accrued at the date of the issuance of the discharge in bankruptcy. Appellee's cause of action upon the new promise to pay was governed by the two-year statute and was consequently barred long prior to January 17, 1938, the date of the filing of the original petition herein.

Article 5539b Vernon's Ann.Civ. Stats. is of no aid to appellee. It is true that the cause of action declared upon in the original petition was not barred by limitation at the time the suit was filed. The discharge in bankruptcy was effective as to this cause of action. The cause of action based upon the new promise to pay, which was not barred by the discharge in bankruptcy was however subject to the bar of the two-year statute *at the time of the filing of the original petition herein.*

In construing Article 5539b, it was said in Farmers & Merchants National Bank v. Arrington, Tex.Civ.App., 98 S.W.2d 378, 382, that "when a suit is filed asserting a cause of action not barred by limitation, as many other and different causes of action *not barred at the time of filing suit* may, by amendments, be asserted from time to time during the pendency of the single suit as wholly or in part grow out of the same transaction or occurrence." (Italics ours.)

We have discussed the issues presented by the briefs of the parties. Appellee's pleadings above set out contain certain allegations generally associated with a plea of estoppel. Appellee does not here urge that appellant was estopped to rely upon the discharge in bankruptcy.

From what has been said it should not be inferred that we are of the opinion that the agreement actually pleaded was based upon a valid consideration. For the purposes of this opinion, we have in effect assumed, as seemingly have the parties, that the consideration for the alleged new promise to pay was legal and valid. However, as to the validity of this assumption we have grave doubts. See 11 U.S.C.A. § 52, sub. b

(5). Meyer v. Price, 250 N.Y. 370, 165 N. E. 814.

The judgment of the trial court is reversed and judgment here rendered that appellee take nothing.