No. 45,354

WICHITA CITY TEACHERS CREDIT UNION, *Appellant*, v. JOHN RIDER, *Appellee*.

(456 P. 2d 42)

Opinion filed June 14, 1969.

*Robert L. Davis,* of Wichita, argued the cause and *Dale W. Bruce, Joseph H. Brown* and *Gary D. Hanna,* all of Wichita, were with him on the brief for appellant.

*Otto J. Koerner,* of Wichita, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

FROMME, J.: The Wichita City Teachers Credit Union brought an action against John Rider to recover a balance of $909.73 on a promissory note, plus punitive damages. In defense to this claim the defendant John Rider set up his discharge in bankruptcy entered on March 16, 1965. In reply the plaintiff credit union alleged that the indebtedness fell within the statutory exemptions to discharge in that said indebtedness was the result of a wilful and malicious conversion of mortgaged property but, if the liability was discharged, the debt was revitalized after discharge by an express promise to pay the same.

Prior to the present appeal by plaintiff a trial to the court was had and a judgment was entered in favor of plaintiff in the sum of $909.73 together with interest. Notice of an appeal and notice of a cross-appeal were filed in the district court, but because of subsequent proceedings in that court the appeal and cross-appeal were never docketed in this court. They appear to have been abandoned.

A motion for relief from the judgment together with an affidavit was filed by defendant under K. S. A. 60-260. The affidavit stated that certain evidence introduced at the trial was false as shown by records in the court of common pleas. These records concerned a replevin action brought by plaintiff against the defendant.

The court set this motion for hearing, considered evidence concerning the records in the replevin action, and, after giving the plaintiff a full week to submit any additional evidence, set aside the

original judgment for plaintiff and entered judgment in favor of defendant for costs.

The first judgment was filed on August 11, 1967. That judgment was set aside and judgment was entered for defendant on December 12, 1967. The present appeal by plaintiff is from the judgment in favor of defendant entered on December 12.

An involved factual background must be developed in order to understand the various procedural and substantive questions raised on this appeal.

On November 7, 1962, defendant and his wife borrowed $2740.00 from plaintiff and executed a security instrument covering their 1959 Chevrolet station wagon, a refrigerator and eight other items of household furniture and appliances.

In July 1964 the station wagon and refrigerator were disposed of by defendant. The record does not indicate the circumstances under which this occurred or the amount received therefor. The station wagon was traded to a car dealer for a pickup truck.

In August 1964 the defendant and his wife filed a voluntary petition in bankruptcy. The plaintiff filed a claim in bankruptcy based upon the note and security instrument claiming an indebtedness due of $1,779.70. An order was obtained by the trustee abandoning the property described in the security instrument to the bankrupt.

On November 30, 1964, plaintiff filed a replevin action in the court of common pleas to recover the property described in the security instrument. All property except the car and refrigerator was located and sold. The proceeds were applied on the indebtedness. The value of the car and refrigerator as set in the affidavit for replevin totalled $909.35. When these items could not be located judgment was entered for that amount. The defendant and his wife were working for Cessna Aircraft Company and garnishments were issued on the judgment but no payroll check of the defendant was ever garnisheed. Several of his wife's checks were garnisheed but later released. On April 12, 1965, the defendant paid the amount of the judgment ($909.35). It was satisfied and released. The balance on the note and security instrument remaining unsatisfied after payment of the judgment was $909.73.

On March 16, 1965, defendant received a general discharge in bankruptcy and the order of discharge was not qualified or limited by the bankruptcy court. The present action to recover the balance

of indebtedness due on the note ($909.73) was filed on July 15, 1966.

The plaintiff on appeal questions the authority of the trial court to set aside the original judgment and enter judgment for defendant four months after the original judgment was filed. During the original trial to the court the plaintiff introduced evidence that defendant's paycheck was tied up by garnishment in the replevin action and that defendant promised to execute a new note if plaintiff would release his paycheck. There was oral testimony that pursuant to defendant's promise the garnishment was released, and then the defendant refused to sign a new note.

On motion to review the judgment the records in the replevin action were examined by the trial court. These records showed that defendant's paycheck was never reached by the garnishment and that the judgment was satisfied by payment in full on April 12, 1965. The defendant has continually denied making an express promise to make a new note, but it is apparent the promise which the court originally found was made by defendant was conditioned upon the plaintiff releasing a garnishment against defendant's paycheck. The records in the replevin action established the condition was never performed. There was no garnishment on defendant's paycheck and none was released. Based upon this evidence the court set aside the judgment for plaintiff and entered judgment for defendant.

The Code of Civil Procedure introduced a new concept into our law governing the effect of terms of court upon the authority of a court over its judgments. The expiration of a term of court in no way affects the power of a court to do any act or hear any proceeding in a civil action pending before it. (K. S. A. 60-206 [c]; Gard, Kansas Civ. Proc., § 60-206 [c].)

K. S. A. 60-260 introduced change in the law respecting the review and correction of judgments. The text of this statute was taken largely from the Federal Rules of Procedure. (3 Barron and Holtzoff, Federal Practice and Procedure [Wright] § 1321 to 1332, incl.) The rule is broadly phrased and many of the itemized grounds for relief are overlapping. (*Laguna Royalty Company v. Marsh*, [C. A. 5th 1965], 350 F. 2d 817, 823.) The rule is designed to permit the desirable legal objective that cases may be decided on their merits, and it must be given a liberal construction to prevent miscarriage of justice. (*Radack v. Norwegian America Line Agency, Inc.*, [C. A.

2d 1963], 318 F. 2d 538, 542.) The recognition of the court's power to reexamine its ruling prior to docketing an appeal prejudices no one, and may facilitate the doing of equity which the rule contemplates. (*Sleek v. J. C. Penney Company*, [C. A. 3d 1961], 292 F. 2d 256.)

K. S. A. 60-260 (*b*) provides the motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment was entered. A motion to set aside a judgment in a non-jury case under 60-260 (*b*) (6), although filed after notice of appeal is served, is made within a reasonable time if it is filed and acted upon before the time the appeal from said judgment is docketed in the supreme court. (See *McDowell v. Calebrezze*, [C. A. 5th 1962], 310 F. 2d 43.)

Under the provisions of K. S. A. 60-206 (*c*) and 60-260 (*b*) (6) a trial court retains broad discretionary power to relieve a party from final judgment for any reason justifying relief from the operation of the judgment if such power is exercised prior to the time for docketing an appeal from the judgment in the supreme court.

We find no abuse of the court's discretion under the circumstances of the present case.

The plaintiff complains because the trial court refused to find that the conversion of the station wagon and refrigerator was done wilfully and maliciously and that the indebtedness came within an exception to discharge in bankruptcy.

An order of discharge in bankruptcy operates generally on all debts listed unless the order is qualified or limited by the bankruptcy court. (8A C. J. S., Bankruptcy, § 552.) The order of discharge in bankruptcy in the present case was not qualified or limited by the bankruptcy court.

An order of discharge is a judgment and it is supported by the same presumptions which attach to any other judgment. It is conclusive evidence of all facts appearing of record or deducible therefrom by necessary inference and of the fact the bankrupt has been lawfully discharged from all of his provable debts save those specifically excepted by the statute. (*Palmer v. Hussey*, 119 U. S. 96, 30 L. Ed. 362, 7 S. Ct. 158; *General Protestant Orphans' Home v. Ivey*, [C. A. 6th 1956], 240 F. 2d 239; see also cases collected 11 U. S. C. A. Bankruptcy, § 32, note 901.)

A discharge in bankruptcy shall release a bankrupt from all of his provable debts with certain exceptions set out in the Bankruptcy

Act among which are liabilities for wilful and malicious injuries to property of another. (11 U. S. C. A. Bankruptcy, § 35 (*a*) (2).)

The effect of bankruptcy discharge with regard to a particular debt may be determined by the state or federal court in which the discharge is pleaded as a bar to enforcement of a particular liability claimed. (*Rees v. Jensen*, [C. A. 9th 1948], 170 F. 2d 348; See also citations 11 U. S. C. A. Bankruptcy, § 35, note 440.)

In the present case plaintiff's claim was scheduled and the security was abandoned by the trustee to the bankrupt. The discharge was properly pleaded and proven in the trial court and constituted a defense unless the conversion was wilful or malicious within the exceptions to the act.

In *Davis v. Aetna Acceptance Co.*, 293 U. S. 328, 79 L. Ed 393, 55 S. Ct. 151, it was said:

"There is no doubt that an act of conversion, if wilful and malicious, is an injury to property within the scope of this exception. Such a case was McIntyre v. Kavanaugh, 242 U. S. 138, 61 L. ed 205, 37 S. Ct. 38, 38 Am. Bankr. Rep. 165, where the wrong was unexcused and wanton. But a wilful and malicious injury does not follow as of course from every act of conversion, without reference to the circumstances. There may be a conversion which is innocent or technical, an unauthorized assumption of dominion without wilfulness or malice. [citations] There may be an honest, but mistaken belief, engendered by a course of dealing, that powers have been enlarged or incapacities removed. In these and like cases, what is done is a tort, but not a wilful and malicious one. . . ." (79 L. Ed 397)

A conversion of property covered by a security instrument may be a wilful and malicious act within the meaning of the exceptions relating to discharge in bankruptcy, but whether a conversion is wilful or malicious within that meaning depends upon facts and circumstances attending and surrounding the conversion. (*United States Fidelity and Guaranty Company v. Tanner*, [Colo. 1968], 279 F. Supp. 396. See also 1-Collier on Bankruptcy [14th Ed.], p. 1599, ¶ 17.09.)

A discharge in bankruptcy constitutes prima facie proof of discharge of a listed claim under a security instrument and the burden is on the claimant to show any remaining liability thereon falls within one of the statutory exceptions to discharge.

Since there was a lack of evidence concerning the circumstances surrounding the conversion, except that the station wagon was traded for a pickup truck, the court had no basis on which to find that the conversion was or was not wilful or malicious. The claim-

ant in such case failed to sustain his burden of showing the defendant's indebtedness was excepted from the discharge in bankruptcy. (See *United States Fidelity and Guaranty Company v. Tanner,* supra.)

The appellant asserts the debt if discharged in bankruptcy was revived by a new promise by the bankrupt to pay the debt.

In 1-Collier on Bankruptcy, p. 1756, ¶ 17.34, it is said:

"To be enforceable the new promise must be definite, express, distinct, and unambiguous. The debts covered by the new promise must be identified as those that were discharged in the bankruptcy proceedings. . . ."

". . . Whenever the new promise is dependent upon a condition or contingency, this fact must be stated in the pleading and it must be averred and proved that the condition has been performed or that the contingency has happened."

This court previously has spoken on this subject in *Needham v. Matthewson,* 81 Kan. 340, 105 Pac. 436, *Robinson v. Jacobia,* 115 Kan. 36, 221 Pac. 1113, and in *Commodore v. Armour & Co.,* 201 Kan. 412, 441 P. 2d 815. In order to revive a debt discharged in bankruptcy by a new promise the claimant must establish an express promise to pay a specific debt and if the promise is made subject to a condition the claimant must show the condition was performed.

In the present case the records in the replevin action supported the trial court's finding that the condition upon which the promise was made was not performed. There was no release of the garnishment of defendant's wages. The judgment on which the alleged garnishment issued was satisfied by payment in full by the defendant.

Various other matters have been raised in this appeal. Some of these are in the nature of a collateral attack upon the order of discharge in bankruptcy and have no place in the present action. We have examined all fourteen points filed and served upon defendant as listed in the record. The brief of appellant contains only three numbered "issues and points relied on". The statement of points on appeal were improperly consolidated, confused and commingled in the appellant's brief. Some of the original points were abandoned without specific mention thereof.

We have carefully examined the entire record and no prejudicial error is found.

The judgment is affirmed.