

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00312-CV

TOM NORMAN, APPELLANT

V.

ANN CROUCH AND OMNI CAPITAL CORPORATION
D/B/A SOUTH GEORGIA SHOPPING CENTER, APPELLEES

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 63550-A, Honorable Dan L. Schaap, Presiding

April 22, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Tom Norman, appearing *pro se*, appeals the trial court's denial of his motions for summary judgment and new trial. We will affirm.

Factual and Procedural Background

In July 2005, Norman entered into a commercial leasing agreement with appellee, Omni Capital Corporation, to rent property located within the South Georgia Shopping Center for a period of five years. Under the terms of the lease, Norman was

to pay monthly rents at the beginning of each month in amounts that increased throughout the term of the lease. At the end of the lease term, the agreement provided that any holding over of the leased property would be construed as a month-to-month tenancy with a rental rate of $6,750.00 per month.

Norman became delinquent under the lease contract nearly immediately after it became effective. By June 2010, the last month of the lease term, Norman was delinquent $148,322.83 in past rents and other charges. After the lease term expired, Norman failed to remove his property from the leased premises. As such, under the terms of the lease, Omni considered Norman a holdover tenant. In February 2011, during the period of this holdover tenancy, a water leak occurred that damaged the property that Norman kept in the leased premises. Eventually, Norman agreed to the entry of a judgment of eviction from the leased premises and removed his property at the beginning of April 2011. Because Norman failed to make any rental payments during this holdover period, under the terms of the lease, Norman owed Omni $60,750.00 in holdover rents.

In 2007, Norman arranged the purchase of an antique Burlington train car. The purchase price of the train car was $8,000. Norman paid $500 as a down payment, while Ann Crouch paid the remaining $7,500 as well as the cost of moving the train car to the shopping center and the cost of having it installed. Norman intended to restore the train car and to use it as a coffee shop but he did not do any repair work on the train car. Norman was aware that Crouch's primary interest in acquiring the train car was as a tax deduction.

In 2009, the parties agreed that Norman would transfer ownership of the train car to Omni, who would then make a charitable donation of the train car. As a result of this transaction, Norman was to receive a credit against his past due rents. However, the nature of the credit that was to be given to Norman was in dispute at the time of trial. According to Norman, he was to receive the fair market value of the train car as a credit against his past due rents with any excess value to be paid to Norman in cash. According to Omni and Crouch, the agreement was that Norman would receive a credit against his past due rents equal to the amount of tax savings Omni realized from the charitable donation of the train car. Omni realized a tax savings of $18,907 for donating the train car and it credited this amount against Norman's past due rents.

In April 2011, Norman brought the instant suit against Crouch and Omni for damages arising out of claims of breach of contract, quantum meruit, conversion, negligence, fraud, theft, veil piercing, and constructive eviction. In response, Omni filed a counterclaim for past due rents.

In July 2013, Norman filed a chapter 7 bankruptcy petition. Omni asserted its claims for past due rents in Norman's bankruptcy. In August 2013, the bankruptcy court issued an order on motion to modify stay that authorized Omni to pursue its claims in the present suit. Norman's past-due rents were ultimately discharged in bankruptcy in October 2013.

The case went to trial on May 5, 2014. Norman proceeded with a negligence claim related to property damage from the water leak and he proceeded with breach of contract, fraud, conversion, and quantum meruit claims related to the train car

agreement. At the close of Norman's evidence, the trial court granted appellees' motion for directed verdict as to Norman's negligence, fraud, and conversion claims. Omni presented its claim of breach of contract for past-due rents. The jury verdict found that Norman breached the lease agreement and that Omni was due $190,165.83 in past-due rents under the lease. The trial court entered judgment in accordance with the jury's verdict, but specifically noted in its judgment that the award of damages was subject to the discharge in bankruptcy.

By his appeal, Norman presents three issues. His first issue contends that the trial court erred when it denied Norman's motion for summary judgment. By his second issue, Norman contends that the trial court erred by denying his motion for new trial that relied on termination of the bankruptcy court's order on motion to modify stay. By his third issue, Norman contends that the evidence was legally insufficient to support the damages awarded to Crouch and Omni. Crouch and Omni respond to each of Norman's issues but also raise a separate procedural issue upon which we will decide this appeal. *See* TEX. R. APP. P. 47.1.

Analysis

None of Norman's issues challenge the take-nothing judgment entered against Norman on his claims for affirmative relief. As such, we cannot reverse the trial court's take-nothing judgment against Norman. *See Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) (per curiam) (appellate court may not reverse judgment for reason not raised). Rather, Norman's issues challenge the award of damages to Omni for past due rents. However, there is no dispute that Omni's claims to these past due rents were

4

validly discharged in Norman's bankruptcy and, therefore, the award of damages in this case is unenforceable. In fact, the judgment itself expressly makes the award of damages to Omni "subject to" the discharge in bankruptcy. Because the debt reflected in this judgment was discharged in bankruptcy, it is "wholly extinguished." *Dilworth v. Moore*, 173 S.W.2d 191, 192 (Tex. Civ. App.—San Antonio 1943), *aff'd*, 179 S.W.2d 940 (Tex. 1944). The legal effect of the discharge is that the debt or obligation "no longer exists." *Id.* As such, even were we to sustain all of Norman's issues, it would have no legal consequence and would constitute an advisory opinion, which this Court may not issue. *See* TEX. CONST. art. II, § 1; *see also Johnson v. State*, Nos. 07-09-00286-CR, 07-09-00287-CR, 2009 Tex. App. LEXIS 8399, at *1-2 (Tex. App.—Amarillo Oct. 30, 2009, no pet.) (mem. op., not designated for publication).

## Conclusion

Because Norman does not challenge the take-nothing judgment entered against him on his affirmative claims for relief and any error found in the award of damages to Crouch and Omni are of no legal consequence, we affirm the judgment of the trial court. *See* TEX. R. APP. P. 43.2(a).


Mackey K. Hancock
Justice


5