No. 47,483

HELEN A. BAKER, *Appellee*, v. GIRDO M. BAKER, *Appellant*.

(537 P. 2d 171)

Opinion filed June 14, 1975.

*Robert W. Hedrick,* of Kansas City, argued the cause and was on the brief for appellant.

*James N. Snyder,* of Snyder and Snyder, of Leavenworth, argued the cause and *James N. Snyder, Jr.,* of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, C.J.: This is an appeal from an order granting relief from a default judgment. The pertinent facts may be briefly stated. On September 17, 1965, Helen A. Baker, plaintiff-appellee, and Girdo M. Baker, defendant-appellant, were granted a divorce. The decree provided that plaintiff be awarded custody of the two minor children, David and Nancy, that defendant pay $50 a month child support for each child during their legal minority and that he pay $100 a month alimony until plaintiff remarried or died. Child support payments for the older child, David, are not here at issue.

On January 5, 1972, defendant filed a motion to reduce alimony payments, and a hearing was set for January 28, 1972. Defendant filed a certificate of mailing, certifying the motion and notice of hearing had been mailed to plaintiff in New Mexico. The matter came on for hearing on January 28, 1972, and a default judgment was entered against plaintiff terminating alimony payments. Plaintiff through her attorney, learned of the default judgment in correspondence from defendant's counsel on October 26, 1972. Thereafter, and on April 4, 1973, plaintiff commenced this proceeding

for relief from the default judgment contending she had received no notice of the hearing.

On June 21, 1973, the district court filed its memorandum opinion finding notice had been mailed to an incorrect address and was not received by the plaintiff. The court concluded that the unusual circumstances of the case entitled the plaintiff to relief from the default judgment entered on January 28, 1972, and modified the default judgment by reinstating the obligation to make monthly alimony payments. Judgment was entered in the amount of $1,845 which included alimony and child support payments in arrears as of the default judgment, and also included child support and alimony payments due to July 1, 1973. The court ordered defendant to continue alimony payments of $100 per month after July 1, 1973. The court further ordered the defendant to pay plaintiff $200 for attorney fees.

The appellant first contends the plaintiff's motion was barred by laches. We do not agree. As indicated, neither the plaintiff nor her counsel received notice of the default judgment until October 26, 1972. Thereafter, and on April 4, 1973, the plaintiff commenced this proceeding for relief from the default judgment. We are of the opinion the motion was filed within a reasonable time pursuant to K. S. A. 60-260 (*b*) (6). (*Cavalliotis v. Salomon*, 357 F. 2d 157 [2d Cir. 1966]; *Radack v. Norwegian America Line Agency, Inc.*, 318 F. 2d 538 [2d Cir. 1963].)

The appellant next contends the district court erred in modifying the default judgment terminating alimony payments. Under the provisions of K. S. A. 60-260 (*b*) (6) the district court has broad discretionary power to relieve a party from final judgment for any reason justifying relief from the operation of the judgment. (*Wichita City Teachers Credit Union v. Rider*, 203 Kan. 552, 456 P. 2d 42 [1969].) The plaintiff's motion under 60-260 (*b*) was addressed to the sound discretion of the district court and upon appeal is reviewable only for abuse of discretion. (*Lee v. Brown*, 210 Kan. 168, 499 P. 2d 1076 [1972]; *Wichita City Teachers Credit Union v. Rider*, supra; *Neagle v. Brooks*, 203 Kan. 323, 454 P. 2d 544 [1969].) Under the circumstances presented, we find no abuse of discretion.

The appellant's contention the court erred in allowing child support payments until July 1, 1972, is without merit. At Nancy's eighteenth birthday on August 3, 1970, the age of majority was twenty-one. In *Jungjohann v. Jungjohann*, 213 Kan. 329, 516 P. 2d 904, we said:

". . . The statute [K. S. A. 38-101] made eighteen the age of majority from and after July 1, 1972. It affected no rights accrued before that date. It did not reach back to make a person an adult from and after his eighteenth birthday but only operated from and after the effective date of July 1, 1972." (l. c. 336.)

the decree requiring support payments until the age of majority remained in force until July 1, 1972, when it was terminated by K. S. A. 38-101.

Appellant further contends that Nancy's enlistment as a Navy Wave in July 1971, was tantamount to emancipation and relieved him from further obligation to make support payments. There are no Kansas decisions on the point; jurisdictions vary on whether a minor's entry into the armed forces *automatically* terminates the father's obligation to continue support payments. (See, *e. g., Carson v. Carson,* 120 Ind. App. 1, 89 N. E. 2d 555 [1950]; *Swenson v. Swenson,* 241 Mo. App. 21, 227 S. W. 2d 103 [1950]; 24 Am. Jur. 2d, Divorce & Separation, § 854.) We think the better view is that a minor's entry into the armed services is merely a factor which may be considered for reducing or terminating support payments when a proper petition is filed. Here, the appellant initiated no action to modify or terminate child support payments. Accordingly, his obligation continued until the date of legislative emancipation.

Lastly, it is contended the district court erred in allowing plaintiff's counsel a $200 attorney fee. We find no error. K. S. A. 60-1610 (f) vests the district court with wide discretion in allowing attorney fees. (*Tyler v. Tyler,* 203 Kan. 565, 455 P. 2d 538 [1969]; *Herzmark v. Herzmark,* 199 Kan. 48, 427 P. 2d 465 [1967].)

The judgment of the district court is affirmed.

FROMME, J., not participating.