(988 P.2d 251)

No. 80,693

In the Matter of the Marriage of ROBERT L. GEORGE, *Appellee*, and BETTY G. GEORGE, *Appellant*.

Opinion filed July 30, 1999.

*Randy M. Barker*, chief of litigation, Kansas Department of Social and Rehabilitation Services, for the appellant.

*William R. McQuillan*, of Euler & McQuillan, LLP, of Troy, for the appellee.

Before LEWIS, P.J., GERNON, J., and WAHL, S.J.

LEWIS, J.: In 1996, Robert and Betty George were divorced. A.D.G. is the minor child of the parties, and she was placed in the residential custody of Betty and has remained there to the present time.

This action arises because A.D.G. quit school on her 16th birthday and later became pregnant and gave birth to a child of her own.

After the events mentioned in the preceding paragraph had taken place, Robert filed a motion to terminate his obligation to pay child support on the grounds that his daughter had emancipated herself when she quit school and became a mother.

The trial court terminated Robert's child support obligation, finding "that in as much as she is not attending school and has dropped out of school and is not attending [and] has in essence emancipated herself that support is no longer appropriate."

We hold that the trial court erred in concluding that A.D.G. was emancipated, and we reverse and remand for that reason.

In *Baker v. Baker*, 217 Kan. 319, 537 P.2d 171 (1975), the father argued that when his son went into the Navy, the son became emancipated and that relieved the father of any further obligation of support. The court held that entry into the Navy was not grounds for automatically terminating child support but could be considered as a factor for reducing or terminating the support payments. 217 Kan. at 321.

In *Patrzykont v. Patrzykont*, 7 Kan. App. 2d 533, 535, 644 P.2d 1009 (1982), we said: "[E]mancipation does not necessarily terminate the obligation of support and would be an inappropriate event for justifying automatic termination by the parents without sanction of the court."

Robert argues that under K.S.A. 38-101, K.S.A. 38-108, and K.S.A. 38-109, the trial court was authorized to determine whether A.D.G. was emancipated. We have examined those statutes, and they would only result in emancipation if the minor, by his or her next friend, filed a petition in the district court asking for emancipation. K.S.A. 38-109. If a minor is emancipated pursuant to these statutes, child support obligations would cease. See *Trunkey v. Johnson*, 154 Kan. 725, 730, 121 P.2d 247 (1942) (applying G.S. 1939 Supp. 38-108). It is obvious that A.D.G. did not petition the court pursuant to the statutes cited by Robert, and she was not emancipated by the procedure set forth in those statutes.

Robert next argues that the actions of his daughter in dropping out of school and in becoming a mother resulted in a constructive emancipation.

In Kansas, we have recognized constructive emancipation under the common law. See *Longhofer v. Herbel*, 83 Kan. 278, 280, 111 Pac. 483 (1910); *Lewis v. Railway Co.*, 82 Kan. 351, 108 Pac. 95 (1910). In *Lewis*, our Supreme Court indicated that "[t]he emancipation of a minor by his parent may be inferred from the conduct of the parties or other circumstances. [Citations omitted.] The jury, in substance, found that the mother in this instance relinquished all claim to the plaintiff's earnings and all right to control him." 82 Kan. at 351-52. This holding appears to be in conformity with the definition of emancipation found in 67A C.J.S., Parent and Child § 5: "the freeing of a child for all the period of minority from the care, custody, control, and service of the parents; the relinquishment of parental control, conferring on the child the right to his or her own earnings and terminating the parent's legal obligation to support the child."

In *Harris v. Rattini*, 855 S.W.2d 410, 412 (1993), the Missouri Court of Appeals for the Eastern District held that a child who drops out of school before his or her 18th birthday, takes a part-time job, and has no mental or physical incapacity is emancipated, and child support is no longer required. By way of contrast, however, in *Detwiler v. Detwiler*, 162 Pa. Super. 383, 387, 57 A.2d 426 (1948), the Superior Court of Pennsylvania found that a 17-year-old who dropped out of school, earned his own income, but lived at home was not emancipated. The court found that the parents had not relinquished control over the child. In *In re Marriage of Clay*, 670 P.2d 31 (1983), the Colorado Court of Appeals held that where a 16-year-old daughter was dependent upon her mother for financial support, had not established a residence away from both her parents, was not married to the father of her child, and did not receive support from her child's father was not emancipated and was entitled to support.

We disagree with the trial court's conclusion that when the child in question quit school, became pregnant, and bore her own child, she was emancipated. The young lady in question continues to live

with her mother and is apparently dependent upon her mother to a large extent.

The trial court erred in terminating child support upon the grounds that the child was emancipated.

On remand, the trial court must consider all relevant factors. It is certainly relevant that the child has quit school and now has a child of her own. However, the trial court must also consider the financial resources and needs of A.D.G. The court should also consider, to some degree, the financial resources and needs of the mother with whom A.D.G. lives. After the consideration of all those factors, the trial court may decide to eliminate or reduce the amount of child support being paid by Robert to Betty.

Reversed and remanded with directions.