No. 82,074

In the Matter of the Marriage of DONNA J. SCHOBY, *Appellee*, and DAVID SCOTT SCHOBY, *Appellant*.

(4 P.3d 604)

Opinion filed April 21, 2000.

*S. Mark Edwards*, of Hoover, Schermerhorn, Edwards, Pinaire & Rombold, of Junction City, argued the cause and was on the brief for appellant.

*Charles W. Harper*, of Harper, Hornbaker, Altenhofen & Opat, Chartered, of Junction City, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: The trial court declined to modify the child support obligations of David Scott Schoby shortly after his minor son Mi-

chael, age 16, was married. The Court of Appeals, on a 2 to 1 vote, affirmed the trial court. We granted David's petition for review.

The issue before us is clear cut. When the parents agree in a property settlement agreement that child support payments shall cease when a minor child marries and the trial court approves the agreement and one of the parties' minor children later marries, does that marriage automatically emancipate the child or is the proper procedure for the parent/obligor to seek prospective modification or termination of the support obligation?

David and Donna J. Schoby were divorced in 1994. Michael is the oldest of four children. The parties entered into a property settlement agreement agreeing to joint custody of the children, with Donna having physical custody. Child support was agreed on at $940 a month "payable thereafter until such time as the minor children respectively reach the age of 18 years, marry, become legally emancipated or die. . . all in accordance with the laws of the State of Kansas."

On July 17, 1997, Michael, then 16 years of age, married. David was not informed of this fact. It does not appear that David or the court was informed of the marriage in March 1998, when David requested and received a reduction in child support payments (from $940 a month to $581 a month) apparently due to a reduction in his income.

David learned of the marriage in April 1998 when Michael visited him in Iowa. A motion to abate child support for Michael was filed, alleging that Michael "has lived on his own with his wife and has been emancipated." The trial court was requested to adjust the amount of child support, both past and future.

A proceeding was had on the motion. No sworn testimony was given, although Donna did make several statements on the record and her counsel proffered testimony. Donna stated that she continued to support Michael after his marriage by purchasing food, paying utilities, and his rent while he was enrolled in school through 1997. After visiting David, Michael and his wife separated and Michael moved in with Donna, who is supporting him.

The trial court held the marriage of Michael did not result in his emancipation and that he "is dependent on his mother and cus-

todial parent for his past and ongoing support and well-being and he continues to reside with his mother." The trial court held the marriage of a minor child in Kansas is not an event terminating a parent's support obligation and denied the motion to terminate support for Michael.

David does not challenge the admissibility or sufficiency of the evidence. David argues that the parties agreed that marriage of a minor child terminated the right to child support for that child and that the court approved that provision when it approved the property settlement agreement. Thus, David argues, as a matter of law, child support ceases on the first day of the month following the child's marriage.

The Court of Appeals affirmed the order of the district court, stating:

"First, the right of a child to support from his or her father cannot be taken away or unfairly diminished by an agreement between the divorcing parents. *Thompson v. Thompson*, 205 Kan. at 633 (citing *Grimes v. Grimes*, 179 Kan. 340, 343, 295 P.2d 646 [1956]). Second, the public policy of Kansas is stated in 60-1610(a) and specifically provides for the payment of child support until a child reaches 18 years of age. An order of a district court providing for automatic termination upon emancipation or marriage of the child would be no less contrary to public policy. We know of no circumstance short of death of the parent obligor or the child that calls for automatic termination of child support before a child reaches 18 years of age. We conclude that if termination is appropriate, the parent obligor must seek prospective termination by filing a motion under 60-1610(a). Accordingly, we affirm the judgment of the trial court." *In re Schoby*, 26 Kan. App. 2d 317, 319, 982 P.2d 406 (1999).

Kansas has no statute which specifically terminates the duty to pay child support upon the marriage of a minor. The only automatic terminating events in Kansas are the child reaching the age of majority, the death of the child, or the death of the payor parent.

Supreme Court Administrative Order No. 128 governs the Child Support Guidelines in Kansas and sets forth that child support may be modified "when there is a material change in circumstance." (1999 Kan. Ct. R. Annot. 107). The district court may consider any of the traditional considerations and may also consider whether a child has been emancipated.

K.S.A. 1999 Supp. 60-1610 sets forth in pertinent part:

"(a) *Minor children.* (1) *Child support and education.* The court shall make provisions for the support and education of the minor children. The court may modify or change any prior order, including any order issued in a title IV-D case, within three years of the date of the original order or modification order, when a material change in circumstances is shown, irrespective of the present domicile of the child or the parents. If more than three years has passed since the date of the original order or modification order, a material change in circumstance need not be shown. The court may make a modification of child support retroactive to a date at least one month after the date that the motion to modify was filed with the court."

## K.S.A. 38-101 governs the period of minority:

"The period of minority extends in all persons to the age of eighteen (18) years, except that every person sixteen (16) years of age or over who is or has been married shall be considered of the age of majority in all matters relating to contracts, property rights, liabilities and the capacity to sue and be sued."

It is well established that parties to a divorce cannot alter, by agreement, the amount of child support to be paid to the parent with primary custody of the children. In *Brady v. Brady*, 225 Kan. 485, 592 P.2d 865 (1979), we stated:

"[C]hild support may be modified at any time circumstances render such a change proper, but the modification operates prospectively only. [Citations omitted.] Divorced parents cannot legally reduce child support or terminate the obligation by a contractual agreement or otherwise. It is a right of the child and can only be reduced or terminated by court order." 225 Kan. at 488-89.

See also *Thompson v. Thompson*, 205 Kan. 630, 633, 470 P.2d 787 (1970) (noting that there can be no contractual agreement with the mother which would legally reduce or terminate a father's continuing obligation to support his minor children).

In *Grimes v. Grimes*, 179 Kan. 340, 295 P.2d 646 (1956), the divorcing parties had entered into a contract unduly limiting the divorcing father's child support obligations. This court stated:

"Plaintiff could not relieve himself of his common law or statutory obligation to support his child by entering into an agreement with a third person to assume that responsibility. [Citations omitted.]

"It is beyond the power of a father to deprive the court by private agreement of its right to make provisions for the support of the minor children, as the children's welfare requires." 179 Kan. at 342-43.

The Court of Appeals, in the majority opinion, discussed two Kansas cases but dismissed the language contained in both of them as dicta. Consideration of those cases is warranted.

In *Ortiz v. Ortiz*, 180 Kan. 334, 304 P.2d 490 (1956), this court addressed the reduction or termination of child support. In *Ortiz*, the divorce decree set forth that the father would pay $10 per week in support of his minor daughter. The father failed to make payments and accrued a past due debt of $2,755. The mother filed a motion with the court asking for a lump sum judgment of $2,755. The father filed an answer stating that he had been ill and unable to make payments and that his minor daughter had married and now had a child of her own. The father also filed a motion with the court seeking to modify the child support agreement, contending that his payments should be terminated as his minor daughter had married. 180 Kan. at 335. The district court overruled the mother's prayer for a lump sum judgment of past due child support and sustained the father's motion to terminate child support as a result of the minor daughter's marriage. 180 Kan. at 335-36. On appeal, this court specifically noted that the provisions of the couple's divorce decree did *not* contain any language which would have concerned the termination of child support upon the marriage of the minor child. 180 Kan. at 336. We reversed the order of the district court retroactively modifying the child support agreement but stated:

"Finally appellee directs our attention to several cases from foreign jurisdictions holding that marriage of a minor child works an emancipation of such child with the result that thereafter neither the father nor the mother are under any legal obligation to support him. We find nothing in these decisions disclosing that our established rules, respecting the power and authority of the district court to change or modify custody orders for past due installments and the finality of such judgments when such installments are past due, prevail in those jurisdictions. Even so, and assuming they do, we are not disposed to regard them as controlling precedents where the rules, stated in *Haynes v. Haynes*, supra, and our other cited decisions, have application. *This conclusion, we may add, is not intended to imply that under the powers conferred by our code of civil procedure a district court cannot make provision in a support order for the cessation of child support payments upon the marriage of a minor child.* All it means is that in the absence of such a provision the party charged with the obligation of making the payments under the terms of the order for the benefit of a minor child must move out and

obtain modification or change of such order in order to avoid the force and effect of the rules heretofore considered and discussed." (Emphasis added.) 180 Kan. at 339-40.

See also *Patrzykont v. Patrzykont*, 7 Kan. App. 2d 533, 535, 644 P.2d 1009 (1982) (citing *Ortiz* and noting that "in the absence of wording in the decree to the contrary, the obligation of support is not terminated by the marriage and motherhood of the minor child" and further noting that "emancipation does not necessarily terminate the obligation of support and would be an inappropriate event for justifying automatic termination by the parents without sanction of the court").

*Baker v. Baker*, 217 Kan. 319, 537 P.2d 171 (1975), is also instructive in this matter. In *Baker*, the father was ordered to pay $50 per month child support for each child until they reached majority. 217 Kan. at 319. The father did not pay the child support or alimony for several months. The father subsequently filed a motion to reduce child support payments, with the district court contending that his minor daughter had enlisted in the Navy and that she was, therefore, emancipated. On appeal, this court held that joining the military did not *automatically* terminate the father's duty to pay child support but stated:

"Appellant further contends that Nancy's enlistment as a Navy Wave in July 1971, was tantamount to emancipation and relieved him from further obligation to make support payments. There are no Kansas decisions on the point; jurisdictions vary on whether a minor's entry into the armed forces *automatically* terminates the father's obligation to continue support payments. [Citations omitted.] *We think the better view is that a minor's entry into the armed services is merely a factor which may be considered for reducing or terminating support payments when a proper petition is filed.* Here, the appellant initiated no action to modify or terminate child support payments [until after they were overdue]. Accordingly, his obligation continued until the date of legislative emancipation." (Emphasis added.) 217 Kan. at 321.

In *In re Marriage of George*, 26 Kan. App. 2d 336, 988 P.2d 251 (1999), a 16-year-old girl became pregnant and gave birth to a child. Her father argued she had become emancipated when she quit school and became a mother. The Court of Appeals' panel relied on *Detwiler v. Detwiler*, 162 Pa. Super. 383, 387, 57 A.2d 426 (1948), and *In re Marriage of Clay*, 670 P.2d 31 (Colo. App.

1983), and held that the fact that a child for whom support is given had quit school or has a baby are factors to be considered by the court on a motion to terminate or reduce child support, but that a child does not become emancipated by quitting school or becoming a parent.

Other courts have held that the act of marriage is merely a factor for the district court to consider in determining whether to modify child support payments. See *Owens v. Owens*, 412 So. 2d 820, 822 (Ala. Civ. App. 1982) (holding that legal duty of father to support minor child ends when child marries just as it would if child reached majority; however, father may not unilaterally reduce child support payments upon marriage of minor child but such event provides "cause to seek modification"); *Engleman v. Engleman*, 145 Colo. 299, 302-03, 358 P.2d 864 (1961) (holding that payor of child support should move the court for reduction in child support payments for any changed conditions, such as marriage of a minor); and *Berglund v. Berglund*, 28 Colo. App. 382, 387, 474 P.2d 800 (1970) (following "majority rule" that child support payments should terminate upon marriage of a minor but holding that proper remedy for payor is to seek an order from the district court approving such modification).

The marriage of a minor is not a "terminating event" which automatically allows a payor parent to stop making child support payments for that child. Two reasons for requiring a parent to seek reduction of payments in court seem compelling. First, title to real estate would be difficult to prove merchantable if there is no court intervention. Second, in cases like the one at bar where there are several children, there are often insufficient assets to pay the full cost of rearing the children. The trial court normally requires payment of as much child support as the payor can pay. If one child is removed from the equation, the trial court will frequently not reduce the total payment and rarely will it be reduced pro rata. Thus, we believe the legislature intended that the payor should return to court and have the trial court determine the issues on the record.

Upon appeal, we review the district court's determination of child support payments and the determination of whether there

has been a material change of circumstances by an abuse of discretion standard of review. In *Thompson,* we stated:

"A district court has continuing jurisdiction to change or modify an order made in a divorce action concerning the custody and support of minor children when the facts and circumstances make modification proper. Such matters rest in the sound judicial discretion of the trial court. [Citations omitted.] On appellate review the order of a trial court determining the amount of child support should not be disturbed absent a showing of manifest abuse of discretion." 205 Kan. at 631.

In the present case, the district court took evidence in the form of a proffer and comments from Donna. No one else testified and no other evidence was submitted. Donna stated that she continued to support her minor son after his marriage, that he was 16 years old at the time, and that she provided food and paid his utilities. Donna further stated that she helped her son pay rent. At the time of the hearing, the son was no longer living with his wife but was living with his mother, who was his sole support.

The district court noted to the parties that a full evidentiary hearing might be warranted, but David's counsel argued that the issue was one of law, and, therefore, no more evidence was necessary.

Based on the limited evidence before us, we cannot say that the district court abused its discretion when it determined that the change in circumstances did not warrant termination of David's duty to pay child support for his minor son.

Affirmed.