(225 P.3d 764)

No. 101,834

In the Matter of the Marriage of MARC H. HALL, *Appellant,* and SUSAN C. HALL, *Appellee.*

Opinion filed March 5, 2010.

*Ronald W. Nelson,* of Ronald W. Nelson, PA, of Lenexa, for appellant.

No appearance by appellee.

Before MCANANY, P.J., GREEN and MALONE, JJ.

MALONE, J.: Marc H. Hall appeals the district court's order in a divorce decree that he cooperate with Susan C. Hall's attempts to obtain insurance on his life at her expense. Marc claims that the district court lacked jurisdiction to enter such an order. He also claims that Kansas law and public policy prohibit Susan's ability to obtain insurance on Marc's life over his objection. We disagree with Marc's claims and affirm the district court's judgment.

Marc and Susan were married on November 2, 1985, in Kansas City, Kansas. On December 2, 2008, the marriage was dissolved

by the district court, and the divorce decree was filed on December 17, 2008. Marc and Susan had two children who had reached the age of majority and one child who was 12 years old at the time of the divorce. At the hearing on the divorce, Susan requested that Marc cooperate with her attempts to obtain insurance on his life at her expense. Susan did not specify what she meant when she requested Marc's cooperation. Marc objected, arguing that the district court did not have jurisdiction to make such an order. Despite Marc's objection, the district court directed him to cooperate with Susan's attempts to obtain insurance on his life at her expense in order to ensure support and education for the minor child in case Marc passed away. Marc timely appealed.

Marc first argues that the district court did not have jurisdiction to order him to cooperate with Susan's attempts to obtain insurance on his life. Marc contends that the district court essentially created and divided a property interest which would not exist until after the Halls' divorce. Marc contends that K.S.A. 2009 Supp. 60-1610(b)(1) does not grant the district court the authority to make such an order. Susan did not file a brief on appeal.

This issue involves statutory interpretation and subject matter jurisdiction of the court. Interpretation of a statute is a question of law over which an appellate court has unlimited review. *Double M Constr. v. Kansas Corporation Comm'n*, 288 Kan. 268, 271, 202 P.3d 7 (2009). Also, whether jurisdiction exists is a question of law over which an appellate court has unlimited review. *Harsch v. Miller*, 288 Kan. 280, 286, 200 P.3d 467 (2009).

What Marc fails to acknowledge is that the district court's order for him to cooperate with the life insurance was not related to the division of property under K.S.A. 2009 Supp. 60-1610(b)(1). Instead, the order was related to the district court's authority to make provisions for the support and education of the minor child pursuant to K.S.A. 2009 Supp. 60-1610(a)(1). The district judge stated:

"K.S.A. 60-1610[(a)(1)] states that the court shall make provisions for the support and education of the minor children. The Court finds that a major portion of the current support and education of the minor child is coming from Mr. Hall. That if the child were to lose that financial assistance, it would seriously affect his support and education. Since mother is willing to pay for the cost of life insurance,

Court will order that Mr. Hall cooperate in Mrs. Hall's purchase of the life insurance policy to ensure support and education in case he were to pass away. I will grant that request."

By ordering Marc to cooperate with the life insurance, the district court was not attempting to create and divide a property interest but was merely attempting to allow Susan the opportunity to secure the child support payments that the district court had ordered Marc to pay. In other words, the district court was ensuring that the minor child would still be supported in the event of Marc's untimely demise. The district court had subject matter jurisdiction to enter such an order pursuant to K.S.A. 2009 Supp. 60-1610(a)(1).

Next, Marc contends that the district court's order that he cooperate with obtaining the life insurance is against public policy because in Kansas consent of the insured is required in order to obtain insurance on that person's life. In addition, Marc argues that the district court cannot order one parent to act in a way that would continue the support of a child beyond the age of majority unless the parent voluntarily consents to that act. Moreover, Marc asserts that the district court cannot order him to participate in such a way that would provide support for his ex-wife after his maintenance obligation has ended.

As we have previously stated, the district court's order was authorized under K.S.A. 2009 Supp. 60-1610(a)(1) to ensure support and education for the minor child. Generally, an appellate court reviews a district court's order concerning child support under an abuse of discretion standard. *In re Marriage of Schoby*, 269 Kan. 114, 120-21, 4 P.3d 604 (2000). However, review is unlimited when there are questions of law at issue or the interpretation of statutory provisions is necessary. *In re Marriage of Day*, 31 Kan. App. 2d 746, 751, 74 P.3d 46 (2003).

Marc cites *Geisler v. Mutual Benefit H. & A. Ass'n*, 163 Kan. 518, 183 P.2d 853 (1947), for the proposition that, under Kansas law, consent of the insured is required in order to obtain life insurance on that person's life. However, *Geisler* makes no such proposition, and Marc provides no other authority to support this conclusion of law. In *Geisler*, the court discusses the requirement

of an *insurable interest* in order to obtain life insurance on another person. 163 Kan. at 522-23. However, our research has found no case law or statute in Kansas that specifically requires the insured to consent to having a life insurance policy on his or her life.

In *Marriage of Day*, the district court ordered the husband to continue ordinary and term life insurance policies on *his mother's life* and upon her death to pay part of the proceeds therefrom to his divorced wife. This court held that the district court's order was against public policy and constituted an abuse of discretion. 31 Kan. App. 2d at 757. However, *Marriage of Day* is clearly distinguishable from the present case which addresses Susan's attempts to obtain insurance on Marc's life at her expense.

Courts from other jurisdictions have addressed whether a district court can order a person to cooperate with an ex-spouse in obtaining life insurance on that person's life without consent. Those courts have determined that such an order was against their state's public policy. However, in each case, the state had a specific statute that required the consent of the insured before a policy of life insurance could be taken out on the person's life. See *Hopkins v. Hopkins*, 328 Md. 263, 270, 614 A.2d 96 (1992); *Davis v. Davis*, 275 Neb. 944, 948, 750 N.W.2d 696 (2008). Unlike these states, Kansas does not have a specific statute that requires the consent of the insured to obtain life insurance.

As we have stated, the only requirement in Kansas for one person to obtain insurance on another person's life is an insurable interest between the party taking out the insurance policy and the party whose life is insured. *Geisler*, 163 Kan. at 522-23. Marc does not attempt to argue whether Susan has an insurable interest in his life, but clearly she does. The decree of divorce orders Marc to pay Susan $960 each month in child support and $834 each month in maintenance. As long as Susan is entitled to receive these payments from Marc, she has an insurable interest in Marc's life in the event of his untimely demise.

Finally, Marc argues that the district court cannot order one parent to act in a way that would continue the support of a child beyond the age of majority. Marc also asserts that the district court cannot order him to participate in such a way that would provide

support for his ex-wife after his maintenance obligation has ended. However, Marc has misinterpreted the district court's order. As we have previously stated, the district court's order concerning the life insurance was premised on Marc's obligation to provide support and education for the minor child. Once Marc's child support and maintenance obligations have terminated, Susan will no longer have an insurable interest in Marc's life. We conclude the district court did not err by ordering Marc to cooperate with Susan's attempts to obtain insurance on his life at her expense.

Affirmed.