NOT DESIGNATED FOR PUBLICATION

No. 125,000

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of BENJAMIN PRETZ,
*Appellee*,

and

DAWN PRETZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; K. CHRISTOPHER JAYARAM, judge. Opinion filed January 20, 2023. Affirmed.

*Janine D. Hassler*, of Olathe, for appellant.

*Marc H. Berry*, of Olathe Legal Clinic, LLC, of Olathe, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and MALONE, JJ.

PER CURIAM: Dawn and Benjamin Pretz are divorced. When a hearing officer granted Benjamin's motion to reduce child support, Dawn filed a motion for relief from judgment in the district court after failing to seek timely review of the hearing officer's ruling. Once the district court denied Dawn's motion for relief, she filed a new motion to modify child support, citing errors in the hearing officer's decision to reduce child support as a way to find a material change of circumstances. The district court found that the issues raised in Dawn's motion were res judicata based on the previous rulings and denied the request for modification. Dawn appeals. After reviewing the issues presented, we affirm for the reasons below.

1

Benjamin and Dawn divorced in December 2017. The divorce decree awarded the parties joint legal custody of their three minor children—S.P., T.P., and K.P.—and adopted the parties' stipulated parenting plan for purposes of residential custody. The court also ordered Benjamin to pay monthly spousal maintenance payments for 36 months starting on November 1, 2017. Benjamin was ordered to pay $2,000 per month until May 31, 2018, followed by $1,600 per month for the remaining 29 months. Likewise, the court ordered Dawn to pay $536 per month in child support starting from November 1, 2017—which would be offset by the spousal maintenance payment she would receive from Benjamin—and Benjamin to pay $143 in child support beginning on June 1, 2018.

After disputes arose about custody of S.P., in December 2020 District Judge Christina Dunn Gyllenborg ordered the parties to keep sharing physical custody of the two younger children but for Dawn to have sole physical custody of S.P. with therapeutically directed contact and reintegration between S.P. and Benjamin. As a result, Judge Gyllenborg also modified child support—effective January 1, 2021—to reflect the new divided custody arrangement by requiring Dawn to now pay S.P.'s direct expenses and ordering Benjamin to begin paying $1,630 in child support. On the new child support worksheets, Judge Gyllenborg set Benjamin's income at $128,314—which reflected his salary plus fringe benefits—and set Dawn's income at $34,875—which represented an imputed income based on her historical earnings average and current earnings.

In May 2021, Benjamin moved to reduce child support, alleging that S.P. was no longer living with Dawn as required under the previous custody orders. Dawn opposed Benjamin's request, explaining that while S.P. had been placed in an inpatient psychiatric facility, Dawn was still providing clothing and bedding, contacting her daily, and engaging in family therapy with S.P. Dawn also included a countermotion to modify

2

child support, asking the district court to shift responsibility for direct expenses and medical insurance for all three children to Dawn, as well as using her actual income instead of an imputed income figure. The assigned hearing officer entered an order on July 15, 2021, granting Benjamin's motion and reducing child support to $1,089. Although Benjamin timely appealed this ruling and requested a de novo hearing, the district court later determined Benjamin abandoned that motion by failing to request a transcript within 30 days as required by Supreme Court Rule 172 (2022 Kan. S. Ct. R. at 237) and the court's local rules. The district court memorialized this ruling in a journal entry issued by District Judge K. Christopher Jayaram on September 8, 2021.

In August 2021, Dawn moved for relief from the July 2021 judgment based on K.S.A. 2021 Supp. 60-260 (relief from judgment or order). No copy of Dawn's motion appears in the record, so the exact issues being raised are unavailable. In any event, it can be gleaned from Judge Jayaram's September 2021 journal entry that Dawn argued the hearing officer abused his discretion and committed an error of law in modifying child support. But the court did not address those arguments directly because it concluded that Dawn had failed to show excusable neglect in failing to timely appeal the hearing officer's July 2021 order as required by K.S.A. 2021 Supp. 60-260(b).

The same day Judge Jayaram issued that ruling, Dawn moved to modify child support and asserted a material change in circumstances had arisen from the time that the hearing officer entered the July 2021 ruling modifying child support. In particular, Dawn alleged:

> "The child support worksheet used by the hearing officer was based on a claim that [Benjamin] could use the multiple family calculation which gave [Benjamin] a discount in his child support. [Benjamin] does not have any children not of this marriage. Use of the multiple family calculation was material in calculating the amount of child support and an adjustment is required to bring the child support into compliance with the Kansas Child Support Guidelines."

3

Dawn also reiterated her previous requests to shift responsibility for providing medical insurance to Dawn and use Dawn's actual income to calculate child support instead of an imputed income figure.

On November 3, 2021, the same hearing officer issued a ruling, noting:

"On 7/14/21, the above matter came on for hearing before this Hearing Officer on [Benjamin]'s motion to modify the child support order. Statements and evidence were presented on behalf of both parties. The Hearing Officer granted the motion to modify child support and set [Benjamin]'s child support order in the sum of $1089.00 per month effective 6/1/21. . . . Thereafter, [Dawn] filed . . . a motion to modify the child support order on 9/8/21. . . . *After reviewing the District Court's findings entered on 9/8/21, and the Hearing Officer's findings entered on 7/15/21, the Hearing Officer orders are reaffirmed and will not now be reversed or modified*. Requests for attorney fee awards is denied." (Emphasis added.)

On November 16, 2021, Dawn timely requested district court review of the hearing officer's ruling, arguing in the motion that the hearing officer abused his discretion by failing to allow Dawn to present evidence to support her latest request to modify child support.

The district court—Judge Jayaram—ultimately denied Dawn's motion for review on February 25, 2022. Based on the written ruling, Judge Jayaram treated Dawn's motion to modify child support as a request to "'reconsider'" the September 2021 ruling because the motion "was grounded not in any 'new' circumstances—instead essentially regurgitating the prior arguments and issues raised by [Dawn] that were previously considered and ruled upon by the [hearing officer]." In short, Judge Jayaram determined that res judicata barred Dawn's claims since Dawn failed to appeal from the hearing officer's July 2021 ruling.

Dawn timely appealed.

ANALYSIS

I.      THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION BY APPLYING RES
        JUDICATA TO DAWN'S MOTION TO MODIFY CHILD SUPPORT.

        a.      *This court has jurisdiction to consider the appeal.*

        To start, some clarification of the ruling Dawn seeks to appeal is necessary, since
Benjamin questions this court's jurisdiction. Appellate courts exercise unlimited review
when determining whether jurisdiction exists because it presents a question of law. *Via
Christi Hospitals Wichita v. Kan-Pak*, 310 Kan. 883, 889, 451 P.3d 459 (2019). It is a
fundamental proposition of Kansas appellate procedure that "'an appellate court only
obtains jurisdiction over the *rulings identified* in the notice of appeal.'" (Emphasis added.)
*Associated Wholesale Grocers, Inc. v. Americold Corporation*, 293 Kan. 633, 637, 270
P.3d 1074 (2011); *In re N.U.*, 52 Kan. App. 2d 561, 567, 369 P.3d 984 (2016).

        Benjamin suggests this court lacks jurisdiction over the appeal because Dawn is
seeking to relitigate issues after missing a deadline below to seek review of a prior
reduction of child support in July 2021. In response, Dawn contends Benjamin confuses
the ruling being appealed. Based on a review of the procedural history of this case, as
evidenced by the available record, we find we have jurisdiction over the appeal. A brief
recitation of the procedural history—particularly the modifications of child support—
following the divorce decree in 2017 is helpful.

        When granting the parties' divorce in December 2017, the district court ordered
the parties to pay child support but offset Dawn's obligations by Benjamin's monthly
spousal maintenance payments. This arrangement caused Dawn to make no monthly

5

child support payments, while Benjamin would be responsible for $143 per month in child support starting on June 1, 2018, along with the offset amount of spousal maintenance payments. In July 2018, the parties agreed to terminate spousal maintenance effective June 30, 2018, and to review the monthly child support obligations and come to an agreement going forward.

Based on the documents available in the record, the parties failed to agree on child support at that time. But in December 2020, the district court entered the first order modifying child support. The court ordered Benjamin to begin paying $1,630 per month in child support based on a new divided custody arrangement in which Dawn had sole residential custody of the parties' oldest child, S.P., and the parties would keep sharing custody of the two younger children.

The next modification of child support came at Benjamin's request in July 2021, when a hearing officer reduced child support to $1,089 per month. Dawn failed to timely request further review of this ruling per the Supreme Court and local rules, and instead sought to file a motion for relief from judgment under K.S.A. 2021 Supp. 60-260 in August 2021. District Court Judge Jayaram denied Dawn's motion for relief in a journal entry issued on September 8, 2021.

Within hours of that ruling, Dawn filed a new motion to modify child support, asserting essentially that the previous modification was made in error. A hearing officer issued a ruling denying Dawn's new motion for modification on November 3, 2021, which the district court later affirmed on February 25, 2022. A full discussion of the merits of Dawn's motion to modify child support will occur below, but for now it suffices to observe that the district court denied Dawn's motion for review of the hearing officer's decision on res judicata grounds, characterizing Dawn's new motion to modify child support as an attempt to relitigate the same arguments the court rejected in the September 2021 ruling on Dawn's motion for relief from judgment.

6

Now, Benjamin asserts this court lacks jurisdiction to review the district court's September 2021 ruling and should deny relief. Yet as Dawn correctly points out in her reply brief, this appeal stems from a later ruling, in particular the district court's February 2022 ruling denying review of Dawn's current motion for modification of child support. This is evident from the notice of appeal, which states that Dawn is appealing "*from the Journal Entry/Judgment (DOC 192) filed February 25, 2022* on [Dawn]'s Motion for Review of the Hearing Officer's Judgment on November 3, 2021, Document 178 which reaffirmed the Judgment From the Hearing Officer on July 5, 2021 Document 150." (Emphasis added.)

Because Dawn failed to request review of the hearing officer's July 2021 ruling under either Rule 172(h) or the equivalent local rule—and likewise failed to appeal the district court's September 2021 decision denying Dawn's motion for relief from that judgment—those rulings became final judgments and are not subject to further scrutiny. But the same would not be true for the decisions stemming from Dawn's motion to modify child support filed in September 2021. As Dawn notes, she timely requested review of the hearing officer's November 2021 ruling denying her motion, and timely appealed from the district court's February 2022 journal entry affirming the hearing officer's ruling.

Benjamin's apparent confusion is because the district court's ruling on the current motion for modification of child support rejected Dawn's arguments on res judicata grounds, since Dawn was trying to relitigate issues previously rejected as a basis for relief from the previous modification in Benjamin's favor. Kansas treats res judicata as an affirmative defense, not a jurisdictional requirement. See K.S.A. 2021 Supp. 60-208(c). Put simply, Benjamin mistakenly equates consideration of res judicata principles with whether jurisdiction exists, and there are no apparent jurisdictional barriers that prevent this court from considering the district court's February 2022 journal entry. As explained

7

below, this court having jurisdiction over the ruling at issue does not necessarily allow Dawn to reopen an issue that the parties have already litigated.

      b.    *The district court did not err by finding that Dawn was precluded from relitigating the issues raised in her motion to modify child support.*

Having established that this court has jurisdiction over the district court's February 2022 ruling affirming the hearing officer's denial of Dawn's motion to modify child support, we can move on to the merits of Dawn's appeal. Further clarification of the issues Dawn raises in her brief is helpful for this court's analysis.

Although Dawn sets it out as the third and final issue in her brief, her primary argument appears to be that the district court incorrectly applied the doctrine of res judicata to preclude her from relitigating the other two issues. Based on a review of the district court's February 2022 ruling—in which the court declined to reach the merits of Dawn's motion to modify child support based on res judicata—we will first address that primary conclusion.

Appellate courts review a district court's ruling determining the amount of child support for an abuse of discretion. *In re Marriage of Thrailkill*, 57 Kan. App. 2d 244, 257, 452 P.3d 392 (2019); see also K.S.A. 2021 Supp. 23-3005(a) (requiring showing of a material change in circumstances to modify child support); *In re Marriage of Schoby*, 269 Kan. 114, 120-21, 4 P.3d 604 (2000) (reviewing determination of material change of circumstances for an abuse of discretion). That said, the essence of Dawn's appeal concerns the applicability of res judicata principles which presents a question of law subject to unlimited appellate review. See *Knowles v. Fleetwood Motorhomes of California, Inc.*, 40 Kan. App. 2d 573, 577, 194 P.3d 38 (2008).

To begin, while the district court couched its ruling in terms of res judicata, it would be more accurate to say that the court applied the law of the case doctrine. See *Gannon v. State*, 302 Kan. 739, 744, 357 P.3d 873 (2015) (district court right for wrong reason). We will explain.

Res judicata typically applies as a rule of law to bar relitigation of similar or identical claims in *successive* suits and "'settles the rights of the parties once the judgment is final.'" *State v. Collier*, 263 Kan. 629, 634, 952 P.2d 1326 (1998) (quoting Note, *McDonald's Corp. v. Hawkins and the "Law of the Case" Doctrine in Arkansas*, 50 Ark. L. Rev. 127, 130-31 [1997]); see also *Cain v. Jacox*, 302 Kan. 431, 434, 354 P.3d 1196 (2015). "Res judicata consists of four elements: '(1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits.'" *State v. Martin*, 294 Kan. 638, 641, 279 P.3d 704 (2012).

> "The doctrine of res judicata provides that 'where an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those issues that could have been presented, but were not presented, are deemed waived.' . . . The essence of the doctrine of res judicata is that issues 'once finally determined . . . cannot afterwards be litigated.' [Citations omitted.]" *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 (2014).

Similarly, the law of the case doctrine is a discretionary policy by courts to refuse relitigation of issues decided in a previous stage of the *same* case. *Collier*, 263 Kan. at 633-34.

> "Courts adhere to the law of the case "'to avoid indefinite relitigation of the same issue, to obtain consistent results in the same litigation, to afford one opportunity for argument and decision of the matter at issue, and to assure the obedience of lower courts to the decisions of appellate courts."' [Citations omitted.]" *State v. Parry*, 305 Kan. 1189, 1194, 390 P.3d 879 (2017).

9

The law of the case doctrine also applies to matters for which a party failed to seek review in a prior proceeding. 305 Kan. at 1195. Because the child support orders all occurred within successive stages of the same case, we characterize the issue as whether the law of the case doctrine applies. This court may raise the law of the case doctrine on its own initiative and reviews whether the law of the case applies as a legal question subject to unlimited review. 305 Kan. at 1192, 1194.

Although Dawn frames her arguments solely in terms of res judicata, the crux of her challenge is that no hearing officer or judge has ever addressed her claim "that [Benjamin] does not have an additional child or that the use of the multiple family application was in error." While it may be true that nothing in the available record clearly shows that these were disputed issues when the hearing officer reduced child support in July 2021, Dawn's arguments miss the point. The district court's primary conclusion on Dawn's current motion for modification was that she *failed to properly appeal or seek review* of the previous modification, not that she explicitly raised the issues on the prior motion. Stated another way, by failing to challenge the previous modification under the proper procedure, Dawn waived any further challenge to that ruling.

And although Dawn filed a motion for relief from judgment related to the July 2021 modification, she states that she is not seeking to appeal the district court's ruling denying that motion. But more importantly, since the appellate record does not include Dawn's motion for relief from judgment, this court cannot discern the precise supporting arguments she made in that motion. See *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013) (party making a claim of error bears the burden of designating a sufficient appellate record). Without ensuring a sufficient record to show the nature of the arguments made in support of her motion for relief from judgment, Dawn cannot establish that she raised her current claims for the first time in her new motion to modify child support. Stated another way, this court must presume that the

10

district court correctly determined that Dawn was attempting to "re-litigate the very issues she previously argued by 're-packaging' her argument into a 'shiny' new pleading."

We therefore find that the law of the case doctrine applies to preclude Dawn from raising most of the arguments in support of her motion to modify child support. As a result, we conclude that the district court did not abuse its discretion in denying Dawn's motion for review of the hearing officer's decision to deny her motion to modify child support.

II.     THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION BY FINDING NO MATERIAL CHANGE IN CIRCUMSTANCES TO JUSTIFY CHILD SUPPORT MODIFICATION.

Dawn also argues that the district court abused its discretion by failing to find a material change in circumstances to grant her motion to modify child support. Although the law of the case doctrine bars any attempt to challenge the previous modification of child support or relitigate any issues already raised, Dawn's primary argument in support of her motion seems to present a new question:  whether an alleged error in a prior modification "created" a material change in circumstances to warrant further modification. In particular, Dawn contends the hearing officer's improper use of the multiple-family application created a question about whether Benjamin "supported another child not of this marriage."

To begin, Dawn also asserts other material changes existed related to her income, such as that "both parties had received increases in their incomes," and "[c]hanges in our society with the pandemic [that] have clearly had an impact on employment." Dawn made these exact claims in opposition to Benjamin's motion to reduce child support, so she cannot relitigate them since the hearing officer's July 2021 ruling became the law of the case after Dawn failed to challenge the ruling. Moreover, a review of the record betrays any suggestion that the parties' incomes have changed enough to require

11

modification, since Dawn's proposed child support worksheets on her current motion to modify contain the same income amounts for both parties as her previous worksheets submitted in opposition to Benjamin's motion in June 2021.

Moving on to Dawn's primary argument, this court reviews a court's determination of whether there has been a material change of circumstances to modify child support for an abuse of discretion. *Schoby*, 269 Kan. at 120-21. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *Biglow v. Eidenberg*, 308 Kan. 873, 893, 424 P.3d 515 (2018). As the moving party, Dawn bears the burden of showing an abuse of discretion. *Gannon v. State*, 305 Kan. 850, 868, 390 P.3d 461 (2017).

Kansas law requires courts to follow the Kansas Child Support Guidelines when determining child support. K.S.A. 2021 Supp. 23-3002(a); *In re Marriage of Thurmond*, 265 Kan. 715, 716, 962 P.2d 1064 (1998). Modification of child support is governed by K.S.A. 2021 Supp. 23-3005, which states courts may modify child support orders within three years of the original order or a modification order "when a material change in circumstances is shown." K.S.A. 2021 Supp. 23-3005(a); Kansas Child Support Guidelines § V.A. (2022 Kan. S. Ct. R. at 131). No case has precisely defined what constitutes a material change in circumstances to modify child support, but this court has recognized that it "requires consideration of a variety of facts and circumstances [and] must be of such a substantial and continuing nature as to make the terms of the initial decree unreasonable. [Citations omitted.]" *In re Marriage of Nelson*, 34 Kan. App. 2d 879, 887, 125 P.3d 1081 (2006).

According to Dawn, the hearing officer's use of the multiple-family application when determining the amount of child support constitutes a material change in circumstances because it raises the question of how many children Benjamin was supporting. But Dawn cites no authorities in support of this proposition. Failure to

support a point with pertinent authority or failure to show why a point is sound despite a lack of supporting authority or in the face of contrary authority is like failing to brief the issue. *In re Adoption of T.M.M.H.*, 307 Kan. 902, 912, 416 P.3d 999 (2018).

More importantly, Dawn's argument disregards the obvious prerequisite that there must be some change in circumstances that occurs *after* the court has entered a child support order. Stated another way, Dawn fails to allege any change in facts or circumstances that have arisen since the hearing officer entered his previous modification order to warrant further modification. As the district court aptly noted in its ruling denying review of the hearing officer's decision on the current motion, the only "material change" is that Dawn believes the court erred in granting Benjamin's request to reduce child support. But as explained above, once Dawn failed to seek proper review of the prior modification, that ruling became the law of the case upon her failure to seek proper review.

As a final point, any determination that Dawn failed to show a material change of circumstances to support her motion to modify child support would constitute a negative finding. A negative finding will not be set aside on appeal unless the challenging party "proves arbitrary disregard of undisputed evidence, or some extrinsic consideration such as bias, passion, or prejudice." *In re Marriage of Kuzanek*, 279 Kan. 156, 160, 105 P.3d 1253 (2005). Dawn's appellate briefing omits any discussion of this analysis, so we consider it abandoned because of improper briefing. See *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018) (issues not adequately briefed are considered waived or abandoned).

In sum, we find no abuse of discretion by the district court in denying Dawn's motion to review the hearing officer's decision on her motion to modify child support.

Affirmed.

13